UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID K. LARA, | § | |
| TDCJ No. 1337673, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TIMOTHY LONGORIA and | § | SA-09-CV-0560 NN |
| CAROL E. MONROE, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO DISMISS

This order addresses defendant Warden Carol E. Monroe's motion for summary judgment and/or motion to dismiss.[1]  In the motion, Monroe advanced various reasons for granting him summary judgment or dismissing plaintiff David K. Lara's claims.  After considering the motion, Lara's response, and the evidence presented, I deny the motion.

**This case is an inmate civil rights case.**  Lara is an state inmate, confined to the custody of the Texas Department of Criminal Justice (TDCJ).  At the time of the events giving rise to this lawsuit, Lara was confined at TDCJ's Connally Unit.  Monroe is Warden of the Connally Unit.  Longoria was a prison guard at the time of the alleged events.  Lara maintains that despite filing life-endangerment reports informing prison officials that he was in danger from members of the Valluco Tango gang, Lara was beaten after Longoria gave two gang members access to his cell.

Lara filed his complaint pro se.  Subsequently, Monroe filed the pending motion.  I appointed an attorney to represent Lara.  The attorney amended Lara's complaint, conducted

_____

[1]Docket entry # 39.

discovery, and responded to Monroe's motion.  Monroe's motion does not address Lara's state-law claims because the motion was filed before the complaint was amended.  The following discussion explains why Monroe is not entitled to summary judgment or dismissal of Lara's federal claims.

**Monroe is not entitled to dismissal on Eleventh Amendment immunity grounds**.  In his motion, Monroe asserted that he is immune from suit in his official capacity under the Eleventh Amendment, because Lara seeks money damages.  While that may have been true when Monroe filed his motion, Lara has since amended his complaint.  Under the *Ex Parte Young* doctrine, a plaintiff may sue an individual in his official capacity as an agent of the state if the relief sought is declaratory or injunctive in nature and prospective in effect.[2]  In his amended complaint, Lara seeks injunctive relief—in particular, Lara asks that Monroe and his employer be enjoined from ignoring pleas for inmate safety and making transfer decisions without meaningful investigation.[3]  The sought-after relief is injunctive in nature because it asks the district court for direct affirmative action and prospective in effect because the relief is designed to prevent future injury.  Because Lara seeks relief injunctive in nature and prospective in effect, Monroe is not entitled to dismissal based on Eleventh Amendment immunity.

**Monroe is not entitled to summary judgment[4] based on a lack of personal knowledge**.  Monroe maintains he is entitled to summary judgment because he lacks personal

---

[2]*See Saltz v. Tenn. Dep't of Employment Security*, 976 F.2d 966, 968 (5th Cir. 1992).

[3]Docket entry # 52, p. 7.

[4]*See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

knowledge of the events giving rise to Lara's claims.  To support this argument, Monroe presented his affidavit wherein he asserted that he did not personally know Lara before the alleged assault,[5] suggesting that he did not know about a threat to Lara's safety.  Because Lara does not claim that Monroe assaulted him, Lara's claim against Monroe takes the form of a failure-to-protect claim.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[6]  In a typical failure-to-protect claim, a prison inmate alleges that even though prison officials knew he faced a substantial risk of injury from other inmates, prison guards failed to protect him from that risk.  A prison official may be liable for failing to protect an inmate from other inmates if he knew of an excessive risk to inmate health or safety and disregarded that risk.[7]  A prison official knows of an excessive risk only if he was subjectively aware of the risk.[8]

Lara presented summary judgment evidence raising a fact question about whether Monroe was subjectively aware of a risk from members of the Valluco Tango gang.  In particular, Lara testified in his deposition that he submitted I-60 forms asking a transfer because of threats from the Valluco Tango gang.  Lara explained that, before he was assaulted, he told Monroe and other committee members at a unit classification committee meeting that he could not return to the

---

[5]Docket entry # 39, exh. A.

[6]*Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

[7]*Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

[8]*Id.*

general population because of threats received from the Valluco Tango.[9]  Lara stated that during

the during the meeting, Monroe directed an offender protection investigation.[10]  In addition,

Monroe testified that, prior to the assault on Lara, inmates had complained about threats because

they declined invitations to join gangs.[11]  This evidence raises a fact question about whether

Monroe knew Lara was in danger from another inmate because it shows Monroe directed an

offender protection investigation prior to the assault.  This fact question precludes summary

judgment based on a lack of personal knowledge.  To the extent Monroe asks for summary

judgment because his action or inaction was merely negligent, negligence is not the basis of

Lara's claim under the Eighth Amendment.

**Monroe is not entitled to summary judgment based on qualified immunity**.  Monroe

asserted that he is immune from suit based on qualified immunity because his actions were

discretionary.  "Qualified immunity protects government officials from liability in civil suits

unless their conduct violates 'clearly established statutory or constitutional rights of which a

reasonable person would have known.'"[12]  To survive summary judgment and overcome

Monroe's qualified-immunity defense, Lara must: (1) state a claim for violation of a

constitutional right; (2) show the constitutional right was established at the time of the actions at

issue; and (3) raise a fact question about whether Monroe's conduct was objectively

---

[9]Docket entry # 63, exh. A, pp. 26-27, 34 & 37.

[10]Docket entry # 63, exh. A, p. 37.

[11]Docket entry # 63, exh. C.

[12]*Hinojosa v. Johnson*, 277 Fed. App'x 370, 374 (5th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

unreasonable in light of the legal rules clearly established.[13]  Monroe did not challenge Lara's ability to prove the first two requirements; instead, he suggested that the discretionary nature of his decisions prevents Lara from proving that his action or inaction was objectively unreasonable. Lara raised a fact question about the objective reasonableness of Monroe's action by presenting summary-judgment evidence showing that (1) Monroe has a duty to protect inmate safety,[14] (2) Monroe knew Lara received threats to his safety by members of the Valluco Tango gang, (3) Monroe knew other inmates were threatened after declining membership in the Valluco Tango gang, and (4) Lara was assaulted.  Viewed true, this evidence raises a fact question about the objective reasonableness of Monroe's action or inaction.  That fact question precludes summary judgment on grounds of qualified immunity.

**Monroe is not entitled to dismissal for failure to exhaust administrative remedies**. Monroe maintained he is entitled to dismissal because Lara failed to exhaust his administrative remedies, because Lara's grievance forms did not specifically name him.  The Fifth Circuit has rejected this argument.  In *Johnson v. Johnson*, defendants not named in an inmate grievance argued that "a claim against a person has been exhausted only if that person was identified in the prisoner's Step 1 grievance."[15]  The Fifth Circuit explained "that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates

---

[13]*See Hinojosa*, 277 Fed. App'x at 374.

[14]Docket entry # 63, exh. C, pp. 2-3 (agreeing that he has a duty to recognize potential risks to inmate safety).

[15]*Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004).

adversarial litigation."[16]  Instead, the court explained, "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit . . . ."[17]  Lara presented his Step 1 grievance as summary-judgment evidence.[16]  The grievance complained about the assault, alleging that defendant Longoria participated in the assault by giving two inmates access to his cell and then flickering the day-room lights to signal that it was time to stop the assault.  Monroe responded to the Step 1 grievance, stating "The results of a life in danger investigation reflects there is merit in your complaint.  Officer Longoria is no longer employed y the [TDCJ]."  Lara's Step 1 grievance provided Monroe with a fair opportunity under the circumstances to address the problem that formed the basis of this lawsuit.  Consequently, Lara exhausted his claims.  Monroe is not entitled to dismissal on the basis of failure to exhaust.

These matters decided, I DENY Monroe's motion (docket entry # 39).  This case will proceed in accordance with the scheduling order.

**SIGNED** on January 19, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16]*Id.*

[17]*Id.*

[16]Docket entry # 63, exh. A, exh. 1.

6