# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID K. LARA, § | | |
| TDCJ No. 1337673, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| TIMOTHY LONGORIA and § | SA-09-CV-0560 NN | |
| CAROL E. MONROE, § | | |
| § | | |
| Defendants. § | | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This order denies defendant Warden Carol E. Monroe's second motion for summary judgment.[1] Prior to filing the motion, Monroe asserted that the discovery of new relevant information could have a vital impact on this case and asked for a continuance to file a second dispositive motion.[2] Monroe's second motion does not substantially differ from his first motion. After considering the motion, Lara's response, and the evidence presented, I deny the motion.

**Monroe is not entitled to summary judgment on Eleventh Amendment immunity grounds**. For the second time, Monroe asserted that he is immune from suit

---

[1] Docket entry # 71.

[2] Docket entry # 67.

in his official capacity under the Eleventh Amendment. Monroe argued that he is immune because Lara's request for injunctive relief is moot. Monroe maintained Lara's request for injunctive relief is moot because Lara was transferred from the Connally Unit after the assault underlying this case, and because the summary-judgment evidence shows Monroe did not ignore his plea for safety. "The court shall grant summary judgment if [Monroe] shows that there is no genuine dispute as to any material fact and [Monroe] is entitled to judgment as a matter of law."[3]

Under the *Ex Parte Young* doctrine, a plaintiff may sue an individual in his official capacity as an agent of the state if the relief sought is declaratory or injunctive in nature and prospective in effect.[4] In his amended complaint, Lara sought injunctive relief — in particular, Lara asked that Monroe and his employer be enjoined from ignoring pleas for inmate safety and making transfer decisions without meaningful investigation.[5] The sought-after relief is injunctive in nature because it asked the court for direct affirmative action and prospective in effect because the relief is designed to prevent future injury.

Although Lara's request for a transfer is moot because he is no longer housed at the Connally Unit, Monroe failed to show that he did not ignore Lara's plea for safety.

---

[3]Fed. R. Civ. P. 56(a).

[4]*See Saltz v. Tenn. Dep't of Employment Security*, 976 F.2d 966, 968 (5th Cir. 1992).

[5]Docket entry # 52, p. 7.

Monroe asserted that he conducted a thorough investigation into Lara's life-endangerment claim prior to the assault, but he failed to support that assertion by either argument or summary-judgment evidence. To the extent Monroe relied on the unauthenticated documents presented as exhibit G, Monroe did not explain why documentation of Lara's disciplinary hearing shows he thoroughly investigated Lara's claim that he was targeted for an attack. To the extent that Monroe relied on Lara's deposition testimony, that evidence showed only that Monroe ordered an investigation; no summary-judgment evidence goes to the adequacy of the investigation. Monroe failed to show there is no genuine dispute as to any material fact. Thus, Monroe is not entitled to summary judgment based on Eleventh Amendment immunity.

**Monroe is not entitled to summary judgment on Lara's Eighth Amendment claim based qualified immunity**. Monroe contended that he is immune from suit in his personal capacity because he was unaware of a risk to Lara's safety at the conclusion of the offender protection investigation. Monroe contended that because he ordered the investigation, he acted in an objectively reasonable manner so as to be immune from suit.

"Qualified immunity protects government officials from liability in civil suits unless their conduct violates 'clearly established statutory or constitutional rights of

3

which a reasonable person would have known.'"[6] To survive summary judgment and overcome Monroe's qualified-immunity defense, Lara must: (1) state a claim for violation of a constitutional right; (2) show the constitutional right was established at the time of the actions at issue; and (3) raise a fact question about whether Monroe's conduct was objectively unreasonable in light of the legal rules clearly established.[7]

Monroe did not challenge Lara's ability to prove the first two requirements; instead, he maintained that he acted in an objectively reasonable manner by ordering an offender protection investigation. This position is contrary to Monroe's position in his first motion in which he maintained he had no personal involvement in the events underlying this case. Lara though raised a fact question about whether Monroe was subjectively aware of a risk from members of the Valluco Tango gang: by testifying that he submitted I-60 forms asking a transfer because of threats from the Valluco Tango gang; explaining that, before he was assaulted, he told Monroe at a unit classification committee meeting that he could not return to the general population because of threats received from the Valluco Tango; and stating that during the meeting, Monroe directed an offender protection investigation. Monroe has since abandoned his argument that he had no personal involvement and now contends he acted objectively reasonably

---

[6]*Hinojosa v. Johnson*, 277 Fed. App'x 370, 374 (5th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[7]*See Hinojosa*, 277 Fed. App'x at 374.

4

because he ordered an offender protection investigation.

Monroe's new argument misses the mark because Lara complains about the lack of meaningful investigation. Neither Monroe's argument nor his summary-judgment evidence goes to Lara's complaint. Monroe's summary-judgment evidence shows only that Monroe ordered an investigation and that the investigating officer did not substantiate Lara's claim. Monroe presented no summary-judgment evidence about the meaningfulness of the investigation. Monroe failed to show there is no genuine dispute as to any material fact. Thus, Monroe is not entitled to summary judgment on qualified immunity grounds.

To the extent Monroe relied on character evidence, such evidence does not go to the elements of Lara's claims. To the extent Monroe asserted that he is entitled to summary judgment because his acts were discretionary, the court has previously considered and rejected that argument.[8] Monroe's motion (docket entry # 70) is denied. This case will proceed to trial in accordance with the scheduling order.

**SIGNED** on July 26, 2011.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] Docket entry # 64.