IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID K. LARA, | § § § | |
| *Plaintiff,* | § § § | SA-9-CV-00560-ESC |
| vs. | § § § | |
| TIMOTHY A. LONGORIA, ASST. WARDEN CAROL MONROEJR., BRAD LIVINGSTON, EXECUTIVE DIRECTOR OF TDCJ-ID; | § § § § § § | |
| *Defendants.* | § § | |

## **ORDER APPOINTING COUNSEL**

Before the Court is the above-styled cause of action, an inmate civil rights case filed in July 2009 by Plaintiff David K. Lara, alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. Lara filed this lawsuit *pro se* as an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). At the time he filed this suit, Lara was housed at TDCJ's John B. Connally Unit. After all parties consented to the jurisdiction of a United States Magistrate Judge, the case was transferred to Magistrate Judge Nancy Stein Nowak [#14], who appointed David Clay Snell as Lara's attorney. The attorney filed an Amended Complaint on behalf of Lara.

Lara's First Amended Complaint alleged that Defendants Timothy A. Longoria, a prison guard at the Connolly Unit, and Assistant Warden Carol Monroe, Jr., warden of the Connolly Unit, subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Lara contended Longoria violated the Eighth Amendment by actively conspiring to commit assault against him and Monroe violated the Eighth Amendment by failing to protect him from the risk of assault by a prison gang. Lara maintained that despite filing life-endangerment

1

reports informing prison officials he was in danger from members of the Valulco Tango gang, Lara was beaten after Longoria gave two gang members access to his cell. Lara also alleged Longoria and Monroe were liable for conspiracy to commit common law assault, negligence, and gross negligence and sought an injunction preventing Defendants and TDCJ from ignoring pleas of safety by Lara and other inmates in the future.

The case went to trial before a jury in September 2011 on Lara's Eighth Amendment, assault, and negligence claims. As to Lara's claims against Monroe, the jury returned a verdict in favor of Monroe and against Lara. As to the claims against Longoria, the jury returned a verdict in favor of Lara and against Longoria. The Court issued a Final Judgment ordering Longoria to pay Lara $25,000 in damages on October 12, 2011 [#117].

Lara, who is currently incarcerated at TDCJ's McConnell Unit, has now filed a *pro se* Motion for Writ of Execution [#124], asking the Court to compel Longoria to pay the full sum of $25,000 awarded to Lara in the Court's October 2011 final judgment. The case was assigned to the undersigned's docket upon the motion's filing. The undersigned has jurisdiction over this case due to the parties' previous consent to United States Magistrate jurisdiction. Federal courts have the inherent power to enforce their own judgments. *Peacock v. Thomas*, 516 U.S. 349, 356 (1996).

Rule 69 of the Federal Rules of Civil Procedure governs the enforcement of a monetary judgment, like the one issued in this case. The rule provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Additionally, "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—

including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *Id.* at 69(a)(2).  Texas law permits a judgment creditor to prolong the life of a judgment indefinitely by having writs of execution timely issued every ten years.  Tex. Civ. Prac. & Rem. Code § 34.001 ("If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.")

Lara's motion did not explain to the Court whether Longoria has paid any of the $25,000 judgment against him.  Nor did Lara ask the Court for specific discovery regarding Longoria's ability to satisfy the judgment balance.  It was also unclear whether Lara is simply moving the Court to renew the money judgment pursuant to Section 34.001, given that the ten-year deadline upon which the judgment would become dormant under Texas law is approaching in October 2021.  But even to issue this relatively straightforward relief would require the Court's knowledge of the outstanding judgment balance for purposes of calculating post-judgment interest.  *See* Tex. Fin. Code § 304.003.  Accordingly, the Court entered an Order on May 22, 2020 directing both Lara to answer various questions to clarify the relief he is seeking through his motion and for Longoria to respond to the motion.  Both parties' responses were due on June 19, 2020.

Lara filed his *pro se* response to the Court's Order on June 3, 2020 [#127].  The mail receipt confirms that the Court mailed a copy of the May 22, 2020 Order to Longoria both first class and certified mail, return receipt requested, but there is no record that he received a copy of the Order at his address on file.  Lara's response represents to the Court that Longoria has failed to satisfy any portion of the $25,000 judgment against him.  Lara asks the Court to order Longoria to satisfy the judgment by renewing the judgment through a writ of execution.  Because

Longoria was employed by TDCJ as a correctional officer, Lara believes that TDCJ is responsible for the judgment and should immediately deposit $25,000 into his Inmate Trust Fund Account. In the alternative, Lara asks the Court to garnish Longoria's wages and income until the judgment has been satisfied. Accordingly, Lara asks for discovery of Longoria's financial records and assets to determine his ability to satisfy the judgment. Lara also asks the Court to stop the garnishment of funds from his Inmate Trust Fund Account for court costs and fees and reimburse him for all funds. Finally, Lara asks the Court to reappoint David Clay Snell as counsel for the limited purpose of securing the judgment and obtaining this writ of execution.

The Court has considered Lara's response and will appoint Mr. Snell as counsel to assist Lara with his motion for a writ of execution. In doing so, the Court notes that Lara did not obtain a judgment against TDCJ but against Longoria individually, making his request for TDCJ to deposit the balance of the judgment into his Inmate Trust Fund Account inappropriate.

**IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1), the following attorney is appointed to represent Plaintiff in this case:

> David Clay Snell
> Bayne, Snell & Krause
> 1250 N.E. Loop 410
> Suite 725
> San Antonio, TX  78209
> Phone Number: 210-824-3278
> Fax Number: 210-824-3937
> E-Mail: dsnell@bsklaw.com

**IT IS FURTHER ORDERED** that Mr. Snell contact Plaintiff within 10 days of this Order regarding the appointment.

**IT IS SO ORDERED.**

SIGNED this 26th day of June, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE